UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

-------------------------------------------------------x

JASON LENZ,                                          :
                                                     :        CASE NO.:
              Plaintiff,                             :
vs.                                                  :        Judge:
                                                     :
                                                     :        Magistrate:
THE BOARD OF SUPERVISORS OF                          :
THE UNIVERSITY OF LOUISIANA                          :
SYSTEM, as the public entity responsible             :
for Southeastern Louisiana University and            :
RICHARD GALLOT, JR. in his official                  :
capacity as President of University of               :
Louisiana System.                                    :
                                                     :
              Defendants.                            :
-------------------------------------------------------x

## **COMPLAINT**

Plaintiff, JASON LENZ (hereinafter "MR. LENZ"), by and through his undersigned counsel, hereby files this Complaint and sues THE BOARD OF SUPERVISORS OF THE UNIVERSITY OF LOUISIANA SYSTEM, as the public entity responsible for Southeastern Louisiana University (hereinafter the "BOARD") and RICHARD GALLOT, JR (hereinafter "MR. GALLOT") in his official capacity as President of University of Louisiana System (hereinafter, collectively, "DEFENDANTS"). MR. LENZ seeks injunctive and declaratory relief, attorneys' fees and costs pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.* ("Americans with Disabilities Act" or "ADA") against defendant MR. GALLOT; injunctive and declaratory relief, damages, and attorneys' fees and costs pursuant to Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.* ("Rehabilitation Act") against the BOARD; and injunctive and declaratory relief, attorneys' fees and costs under the Rehabilitation Act against MR. GALLOT.

1

## JURISDICTION AND PARTIES

1.    This is an action for injunctive relief, damages, and attorneys' fees and costs pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. §12131 *et seq.*, (hereinafter referred to as the "ADA"), and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.*

2.    This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.[1]

3.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the property which is the subject of this action is in Tangipahoa Parish, Louisiana.

4.    MR. LENZ is a person of the age of majority and a citizen of the State of Louisiana.

5.    MR. LENZ resides in Tangipahoa Parish on Water Hickory Road, Ponchatoula, Louisiana 70454.

6.    MR. LENZ is a qualified individual with a disability under the ADA and RA.

7.    MR. LENZ is an amputee and uses a wheelchair to ambulate.

8.    Due to his disability, MR. LENZ is substantially impaired in several major life activities.

9.    Upon information and belief, the BOARD is the political entity responsible for owning, administering, operating, and/or maintaining the University of Louisiana System, which includes Southeastern Louisiana University and the specific facility at issue: Pottle Music Building, 800 Western Avenue, Hammond, LA 70401 (hereinafter referred to as "the Property").

10.    Upon information and belief, MR. GALLOT is the President of the University of Louisiana

---

1  MR. LENZ seeks both compensatory and nominal damages pursuant to the Rehabilitation Act of 1973. It is MR. LENZ' position that an award of nominal damages would confer significant civil rights to the public, as a judgment in his favor against the BOARD, regardless of the amount, would deter the BOARD from discriminating against individuals with disabilities in the future.

System and is responsible for ensuring that the colleges managed and operated by the

BOARD comply with state and federal laws. MR. GALLOT can take steps to ensure that

employees within the system comport with Court Orders, including by directing Orders to

said individuals, taking remedial action against said individuals, and using the monetary

and policing powers available to the BOARD to ensure compliance.

11.    MR. GALLOT is sued in his official capacity only, pursuant to the doctrine of *Ex parte*

*Young*.

12.    Southeastern Louisiana University and Pottle Music Hall are public facilities which are

open to members of the public, including MR. LENZ.

13.    MR. LENZ most recently visited the Property on May 18, 2024 to attend his daughter's

dance recital.

14.    DEFENDANTS are responsible for complying with the obligations of the ADA and RA.

15.    All events giving rise to this lawsuit occurred in the Eastern District of Louisiana,

Tangipahoa Parish, Louisiana.

### COUNT I - VIOLATION OF TITLE II OF THE
### AMERICANS WITH DISABILITIES ACT (SOLELY AS TO MR. GALLOT)

16.    MR. LENZ realleges and reavers the above Paragraphs as if they were expressly restated

herein.

17.    Upon information and belief, the BOARD owns and operates the Property where services

and programs are offered by Southeastern Louisiana University, generally located at: 800

Western Avenue, Hammond, LA 70401.

18. MR. LENZ has visited the Property and desires to visit the Property again in the future.

19. MR. LENZ's most recent visit to the Property prior to filing this original Complaint was on May 18, 2024.

20. MR. LENZ lives less than fifteen (15) miles from the Property.

21. On August 31, 2024, MR. LENZ sent a letter to the Student Accessibility Services office at Southeastern University requesting reasonable accommodation. In this request MR. LENZ identified the following ADA violations at the Property and requested that they be fixed:

   A. The designated-accessible entrance is located at the back of the building, far away from the designated-accessible parking space;

   B. The designated-accessible ramp to enter the building has noncompliant handrails;

   C. The designated-accessible entrance lacks a level landing at the doorway;

   D. The men's restroom includes sinks that lack the proper-knee clearance and the toilet stalls contain locking mechanisms that require grasping/twisting and contain improperly sized grab bars;

   E. The water fountains do not have proper knee-clearance for a wheelchair user to use; and

   F. The designated-accessible seating in the auditorium is not properly disbursed.

22. MR. LENZ received a response to his reasonable accommodation letter on September 19, 2024 from Kim Bergeron, stating that she shared MR. LENZ's letter with the Director of Facility Planning, Ken Howe, "who will take any necessary action that may be required."

23. Upon information and belief, none of the ADA barriers that MR. LENZ identified in his

reasonable accommodation letter have been removed.

24.    MR. LENZ is aware of mobility-related barriers at the Property, as discussed below in Paragraph 29.

25.    MR. LENZ continues to desire to visit the Property for future events or performances but will continue to experience serious difficulty due to the barriers discussed below in Paragraph 29.

26.    The barriers discussed in Paragraph 29 are mobility-related and deny MR. LENZ equal access to the services, programs, and activities offered at the Property.

27.    The barriers discussed below in Paragraph 29 exclude MR. LENZ from the equal opportunity to participate in, or benefit from the programs, services, and activities which are offered at the Property.

28.    MR. LENZ has reasonable grounds to believe that he will continue to be subjected to discrimination as a result of the barriers which are discussed in Paragraph 29.

29.    Upon information and belief, DEFENDANTS have discriminated and are continuing to discriminate against MR. LENZ in violation of the ADA by excluding and/or denying him the benefits of its services, programs, and activities. MR. LENZ' visit to the Property shows that the Property, when viewed in its entirety, is not accessible. These physical barriers to access include, but are not limited to:

    I.    UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS ARE ALLEGED TO BE THE RESPONSIBILITY OF DEFENDANTS:

        A. The designated-accessible entrance is located at the back of the building, far away from the designated-accessible parking space;

B.  The designated-accessible ramp to enter the building has noncompliant handrails;

C.  The designated-accessible entrance lacks a level landing at the doorway;

D.  The door leading from the entryway at the designated-accessible entrance to the main hallway is less than 18" wide;

E.  The sinks in the men's restroom lack the proper-knee clearance;

F.  The toilet stalls in the men's restroom contain locking mechanisms that require grasping/twisting;

G.  The toilet stalls in the men's restroom contain improperly positioned grab bars;

H.  The water fountains do not have proper knee-clearance for a wheelchair user to use;

I.  The designated-accessible seating in the auditorium is not properly disbursed; and

J.  Other mobility-related ADA barriers to be identified following a complete inspection.

30.  42 U.S.C. § 12133 provides: "[t]he remedies, procedures, and rights set forth in section 794 of Title 29 shall be the remedies, procedures, and rights this subchapter provides to any person alleging discrimination on the basis of disability in violation of section 12132 of this title."

31.  DEFENDANTS have discriminated against MR. LENZ by denying him full access to the

services, programs, and/or activities at the Property by failing to make its facilities readily

accessible as required by 42 U.S.C. § 12132 and its implementing regulations 28 C.F.R. §

35.101 et. seq.

32.     The BOARD is a "public entity" within the meaning of 42 U.S.C. § 12131(1) and is

therefore subject to Title II of the ADA and its implementing regulations.

33.     At all times relevant to this action, Title II of the ADA, 42 U.S.C. § 12131, *et seq*. has been

in full force and effect and has applied to DEFENDANTS' conduct.

34.     Title II of the ADA provides that "no qualified individual with a disability shall, by reason

of such disability, be excluded from participation in or be denied the benefits of the

services, programs, or activities of a public entity, or be subjected to discrimination by any

such entity." 42 U.S.C. § 12132.

35.     Title II of the ADA sets forth various requirements, including the "new

construction/alteration" standard and the "program access" standard. The "new

construction/alteration" standard and the "program access" standard apply to parts of a

facility that have been altered since the passage of the ADA.

36.     Under the "new construction/alteration" standard, a public entity is required to comply with

the requirements of the 2010 ADA Accessibility Guidelines (hereinafter "ADAAG"). The

ADAAG sets forth the specific requirements and standards for architectural design of a

facility, including entrances, doorways, ramps, and restrooms.

37.     Under the "program access" standard, a public entity shall ensure that each of its programs,

services, and accommodations are readily accessible to and usable by individuals with

disabilities. Under the applicable case law, a public entity should use the ADAAG as a

guide to determine whether a barrier exists.

38.    28 C.F.R. § 35.130(4) states that "[a] public entity may not, in determining the site or location of a facility, make selections–(I) [t]hat have the effect of excluding individuals with disabilities from, denying them the benefits of, or otherwise subjecting them to discrimination..." DEFENDANTS have violated this provision by providing their services, programs, and/or activities at an accessible facility.

39.    DEFENDANTS have discriminated against MR. LENZ by denying him full access to the services, programs, and/or activities by failing to make its facilities readily accessible as required by 42 U.S.C. § 12132 and its implementing regulations 28 C.F.R. § 35.101, *et seq.*

40.    The BOARD, through the actions of its employees, has discriminated against MR. LENZ on the basis of his disability, in violation of Title II of the ADA and its implementing regulations by excluding and/or denying MR. LENZ the full and equal benefits of its services, programs, and/or activities by failing to *inter alia*, have accessible facilities.

41.    Upon information and belief, DEFENDANTS continues to discriminate against MR. LENZ by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, programs, activities, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to make such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, programs, and/or activities, segregated or otherwise treated differently than other individuals because of failure to remove architectural barriers.

42.    The above conduct constitutes intentional discrimination.

43.    The above conduct constitutes deliberate indifference.

44.    MR. GALLOT, as the chief executive of the BOARD, has the power and authority to end the unlawful discrimination against MR. LENZ and all others similarly situated, and this Court can issue an order for MR. GALLOT to end the unlawful discrimination.

45.    MR. LENZ is suffering irreparable harm by virtue of DEFENDANTS' invasion of the rights conferred on him by 42 U.S.C. § 12131, *et seq.*

46.    MR. LENZ has been obligated to retain the undersigned counsel for the filing and prosecution of this action. MR. LENZ is entitled to injunctive relief, as well as an award of his reasonable attorneys' fees, costs, and expenses (including expert expenses) paid by DEFENDANTS, pursuant to Title II of the ADA.

## COUNT II: VIOLATIONS OF THE REHABILITATION ACT (AS TO MR. GALLOT AND THE BOARD)

47.    MR. LENZ repeats and realleges all preceding paragraphs in support of this claim.

48.    At all times relevant to this action, Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, *et seq.* has been in full force and effect and has applied the conduct of DEFENDANTS.

49.    Upon information and belief, DEFENDANTS have been and continue to be a recipient of federal financial assistance within the meaning of 49 C.F.R. § 27.5 and are therefore subject to Section 504 of the Rehabilitation Act and its implementing regulations.

50.    The Rehabilitation Act provides that:

> No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive Agency or by the United States Postal Service. 29 U.S.C. § 794(a).

51.   Upon information and belief, as set forth herein, DEFENDANTS have violated the Rehabilitation Act by intentionally excluding MR. LENZ, solely by reason of his disability, from participation in, and denying him the benefits of, and have otherwise subjected him to discrimination under DEFENDANTS' programs, services, and activities.

52.   Upon information and belief, a non-exclusive list of DEFENDANTS' violations of the Rehabilitation Act and discriminatory conduct against MR. LENZ are evidenced by:

   A.   Denying Mr. LENZ access to, and the opportunity to participate in or benefit from, the programs, services, and activities offered at the Property;

   B.   By otherwise limiting MR. LENZ in the enjoyment of the rights, privileges, advantages, and opportunities enjoyed by individuals without disabilities who participate in the programs, services, and activities offered by DEFENDANTS' at the Property;

   C.   Making facility, site, or location selections that have the effect of discriminating against individuals with disabilities, such as MR. LENZ, and excluding them from and denying them the benefits of, and defeating or substantially impairing the accomplishment of the objectives of, the services, programs, and activities offered by DEFENDANTS at the Property;

   D.   Failing to administer services, programs, and activities in the most integrated setting appropriate to the needs of MR. LENZ and others similarly situated;

   E.   Excluding MR. LENZ from participation in, and the benefits of DEFENDANTS' services, programs, and activities as a result of DEFENDANTS' Property being inaccessible to or unusable by MR. LENZ; and

F.      Failing to design and/or construct new facilities, or make alterations to existing facilities, which are readily accessible to and usable by individuals with disabilities.

53.    Upon information and belief there are additional, ongoing violations of the Rehabilitation Act at the Property which MR. LENZ is more likely than not going to encounter upon future visits to the Property. MR. LENZ brings this action:

A.      To redress injuries suffered as a result of DEFENDANTS' discriminatory actions and inactions, as set forth herein;

B.      To reasonably avoid further and future injury as a result of DEFENDANTS' ongoing failure to cease their discriminatory practices as set forth in this action, including correcting violations of the ADA and Rehabilitation Act;

C.      To ensure the Property is accessible as required by the relevant applications of Title II of the ADA;

D.      To be made whole and ensure future compliance; and

E.      To reasonably avoid future ADA and Rehabilitation Act litigation involving the same Property and under the same laws, as set forth herein, with its concomitant impact on otherwise scarce judicial resources.

54.    Only through a complete inspection of the Property and related facilities, undertaken by MR. LENZ and/or his representatives, can all said violations be identified and cured so as to ensure access for individuals with disabilities, the primary purpose of this action.

55.    Upon information and belief, as the recipient of federal funds, DEFENDANTS are liable for damages to MR. LENZ as a result of their acts and omissions constituting intentional discrimination. It is MR. LENZ's position that even an award of nominal damages in his

favor would confer significant civil rights to the public, as a judgment against DEFENDANTS, regardless of the amount, would likely deter DEFENDANTS from discriminating against individuals with disabilities in the future.

56.    As set forth above, MR. LENZ has been denied access to, and without the relief requested herein will continue to be denied access to the services, programs, facilities and activities offered by DEFENDANTS, solely by reason of his disability, and has otherwise been discriminated against and damaged solely by reason of his disability, as a result of DEFENDANTS' Rehabilitation Act violations set forth above.

57.    MR. LENZ has retained undersigned counsel for the filing and prosecution of this action. MR. LENZ is entitled to recover reasonable attorneys' fees, costs, and litigation expenses from DEFENDANTS pursuant to 29 U.S.C. §794(b).

58.    Pursuant to 29 U.S.C. §794(a), this Court is provided authority to grant MR. LENZ injunctive relief, including an Order that DEFENDANTS alter the subject premises, facilities, services, activities, programs, and accommodations to make them accessible to and useable by individuals with disabilities to the extent required by the Rehabilitation Act, or an order that DEFENDANTS close all premises and facilities and discontinue all non-complying services, activities, programs, and accommodations until the requisite modifications are completed. This Court is also provided authority to grant MR. LENZ compensatory and nominal damages against the BOARD for the discriminatory actions at issue in this case.

59.    Upon information and belief, as set forth herein, DEFENDANTS have violated the Rehabilitation Act by intentionally excluding MR. LENZ, solely by reason of his disability,

from the participation in, and denying him the benefits of, and have otherwise subjected him to discrimination under DEFENDANTS' programs and activities. These actions constitute intentional discrimination and deliberate indifference.

**PRAYER FOR RELIEF**

WHEREFORE, MR. LENZ prays that:

A.   This Court issue a Declaratory Judgment that determines that DEFENDANTS are in violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.*;

B.   That this Court issue a Declaratory Judgment that determines that the Property, programs, and activities owned, operated, and administered by DEFENDANTS are in violation of the Rehabilitation Act.

C.   This Court grant permanent injunctive relief against DEFENDANTS including an Order to make all required alterations to the Property; or to make the Property readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require DEFENDANTS to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of failure to remove mobility-related barriers;

D.   This Court enter an Order directing DEFENDANTS to alter and modify the

Property and its programs, services, and accommodations to comply with the ADA and the Rehabilitation Act;

E.     This Court award MR. LENZ monetary damages, including nominal damages, pursuant to the ADA and/or Rehabilitation Act, for the harm caused by DEFENDANTS' discrimination;

F.     This Court award MR. LENZ reasonable attorneys' fees, costs, and litigation expenses pursuant to 29 U.S.C. § 794a(a)(2) and 42 U.S.C. § 12205 and 28 C.F.R. § 35.175; and

G.     That this Court award such other and further relief as it deems necessary, just and proper under Title II of the ADA and the Rehabilitation Act.

Respectfully Submitted,

**BIZER & DEREUS, LLC**
*Attorneys for Plaintiff*

/s/ Andrew D. Bizer
ANDREW D. BIZER (LA # 30396)
GARRET S. DEREUS (LA # 35105)
EVA M. KALIKOFF (LA #39932)
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996
Email: andrew@bizerlaw.com
         gdereus@bizerlaw.com
         eva@bizerlaw.com